10-4808-ag
Liu v. Holder

BIA
Laforest, IJ
A088 380 450

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of February, two thousand twelve.

PRESENT:
>        DENNIS JACOBS,
>            *Chief Judge,*
>        RAYMOND J. LOHIER, JR.,
>        SUSAN L. CARNEY,
>            *Circuit Judges.*

_____

YULAN LIU, AKA XIANG QIN MENG,
>        *Petitioner,*

>        v.                                      10-4808-ag
>                                                NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL
>        *Respondent.*

_____


FOR PETITIONER:        Matthew J. Harris, Law Office of
                       Theodore M. Davis, Long Island City,
                       NY.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Ada E. Bosque, Senior
                       Litigation Counsel; Puneet Cheema,
                       Trial Attorney, Office of
                       Immigration Litigation, Civil
                       Division, United States Department
                       of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yulan Liu, a native and citizen of China, seeks review of a November 9, 2010 order of the BIA affirming the December 8, 2008 decision of Immigration Judge ("IJ") Brigitte Laforest denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yulan Liu*, No. A088 380 450 (B.I.A. Nov. 9, 2010), *aff'g* No. A088 380 450 (Immig. Ct. N.Y. City Dec. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Liu has not challenged the agency's pretermission of her asylum application, we consider only her claims for withholding of removal and CAT

relief.  *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005).

Here, the agency reasonably found that Liu was not credible because she could not answer questions about articles she claimed to have written for the Chinese Democracy Party ("CDP").  *See* 8 U.S.C. § 1158(b)(1)(B)(iii) (providing that for asylum applications governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's "responsiveness" and inconsistencies in her statements without regard to whether they go "to the heart of the applicant's claim").  Although Liu argues that these articles were not submitted to demonstrate her knowledge, she testified before the IJ that she wrote them and thus the fact that she did not have knowledge of their contents indicated that she gave false or misleading testimony, and that false testimony is substantial evidence of a lack of credibility.  *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the maxim *falsus in uno, falsus in omnibus* to find that once an IJ concludes that a document is false, he or she is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [the applicant's] veracity").

Having found that Liu's credibility was in doubt, the agency reasonably expected her to provide some corroboration in order to rehabilitate her testimony. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). In light of Liu's misleading testimony, the IJ did not err in giving little weight to the unsworn letters she submitted because the IJ had no opportunity to question the letters' authors. Moreover, the IJ reasonably gave little weight to Liu's husband's letter because its account of why Liu protested at her factory (that the factory had not been paying its workers for months, without any mention that the factory had closed) differed from Liu's account (that the factory had closed without any mention that it had not been paying its workers for months).

Additionally, Liu failed to provide any medical evidence establishing that she was hospitalized following the protest or that she received any other medical treatment for her alleged injuries, and was thus unable to corroborate her explanation that she could not answer questions about the articles she claimed to have written because of injuries she suffered during the protest. The IJ was not unreasonable in concluding that such evidence would have

4

been available despite a change in the hospital's name, or that Liu could have at least obtained documentation that her prior records were no longer available. *See* 8 U.S.C. § 1252(b)(4) ("No court shall reverse a determination made by a trier of fact with respect to the availability of corroborating evidence . . . unless the court finds . . . that a reasonable trier of fact is compelled to conclude that such corroborating evidence is unavailable.").

Together, the IJ's findings that Liu was not truthful concerning whether she wrote the CDP articles and that she did not provide sufficient corroborating evidence to rehabilitate her testimony provide substantial evidence in support of the agency's adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). Liu is correct that the IJ did not make any explicit demeanor finding in evaluating her credibility. Therefore, the BIA mischaracterized the IJ's decision when it stated that the IJ's demeanor finding supported the credibility determination. The BIA's mischaracterization does not require remand, however, because the IJ identified "ample, error-free grounds that provide substantial evidence to support [the] adverse credibility determination," and, despite the BIA's error,

5

"we can state with confidence that the IJ would adhere to his decision were the petition remanded." *Singh v. BIA*, 438 F.3d 145, 149 (2d Cir. 2006) (quotation omitted).

The agency's adverse credibility determination forecloses Liu's eligibility for withholding of removal based on past persecution as she did not establish that the factory protest truly occurred. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Additionally, the agency reasonably determined that Liu did not establish a likelihood that she would be persecuted or tortured if returned to China based on her CDP activities because her husband's letter, stating that the authorities knew about the activities, was not reliable; the authorities were unlikely to know or have reason to know of her activities based either on her name in the articles or photographs taken in the United States; and she did not credibly establish that she would continue pro-democracy activities in China. Liu's reliance on reports describing the imprisonment of two individuals in China for publishing articles on United States-based websites is unavailing because these 2002 and 2006 incidents do not compel the conclusion that Liu will more likely than not be mistreated.

Accordingly, substantial evidence supports the agency's determination that Liu did not establish her eligibility for withholding of removal or CAT relief. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 141 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk