Li v. Sessions

BIA
Nelson, IJ
A087 640 056

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of April, two thousand eighteen.

PRESENT:   BARRINGTON D. PARKER,
                     REENA RAGGI,
                            *Circuit Judges,*
                     JESSE M. FURMAN,
                            *District Judge.**
-----------------------------------------------------------------------

YU JIN LI,
                     *Petitioner,*


             v.                                                                    No. 14-2370

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
                     *Respondent.*
-----------------------------------------------------------------------

APPEARING FOR PETITIONER:     THOMAS D. BARRA, New York, New York.

---

*Judge Jesse M. Furman, of the United States District Court for the Southern District of New York, sitting by designation.

APPEARING FOR RESPONDENT: RUSSELL J.E. VERBY, Senior Litigation Counsel (Benjamin C. Mizer, Acting Assistant Attorney General; Shelley R. Goad, Assistant Director, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner Yu Jin Li, a native and citizen of the People's Republic of China, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Li's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *See In re Yu Jin Li,* No. A087 640 056 (B.I.A. June 4, 2014), *aff'g* No. A087 640 056 (Immig. Ct. N.Y.C. May 21, 2012). Under the circumstances of this case, we review both the IJ's and BIA's decisions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the agency's legal conclusions *de novo* and its factual findings for substantial evidence, *see Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013), under which standard "administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). In so doing, we assume the parties' familiarity with the underlying facts and procedural history in this case.

To obtain asylum, Li was required to establish a well-founded fear of persecution by showing both that she subjectively fears persecution because of her Falun Gong practice

2

and that her fear is objectively reasonable. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004). To establish a well-founded fear in the absence of past persecution, Li had to show that Chinese authorities "are either aware . . . or likely to become aware of [her Falun Gong] activities," *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008), by presenting evidence establishing (1) a reasonable possibility that "'"she would be singled out individually for persecution"'" or (2) "'"a pattern or practice . . . of persecution of a group of persons similarly situated to [her],"'" *id.* at 142 (quoting *Kyaw Zwar Tun v. INS,* 445 F.3d 554, 564 (2d Cir. 2006) (quoting 8 C.F.R. § 208.13(b)(2)(iii))).

Substantial evidence supports the agency's conclusion that Li did not show that the Chinese government was aware of her Falun Gong practice in the United States. However, the agency failed to analyze whether a pattern or practice of persecution of Falun Gong practitioners in China necessitated a finding that Chinese authorities would become aware of Li's continued practice of Falun Gong if returned to China so as to support an objectively reasonable fear of persecution. Accordingly, we grant the petition and remand for the agency to address Li's pattern-or-practice argument.

1. Awareness of Activities in United States

Li's proffered evidence does not compel the conclusion that Chinese authorities are aware or likely to become aware of her Falun Gong activities in the United States. *See* 8 U.S.C. § 1252(a)(4)(B). The agency reasonably gave "almost no weight" to Li's husband's letter stating that local police responded affirmatively when he asked whether Li would be imprisoned if she returned to China and continued practicing Falun Gong.

3

C.A.R. 48.  Quite apart from the fact that the letter was unsworn and from an interested party, it was inconsistent in certain respects with Li's own testimony.  *See Y.C. v. Holder*, 741 F.3d at 334 (deferring to agency's weighing of evidence).  Nor did the agency err in concluding that Chinese authorities would not likely identify Li from news coverage of Falun Gong protests in the United States.  *See id.* at 333–34, 336–37.

Thus, Li failed to establish a reasonable fear of future persecution based on a possibility of individual targeting.

2.     Pattern or Practice of Persecution

An asylum applicant need not establish that she will be individually targeted for persecution if she "establishes that there is a pattern or practice in [her] country of nationality . . . of persecution of a group of persons similarly situated to [her]" and "establishes [her] own inclusion in, and identification with, such group."  8 C.F.R. § 1208.13(b)(2)(iii).  A pattern or practice claim thus has two components: (1) a showing of a pattern or practice of persecution of a group of people, and (2) a showing that the petitioner is similarly situated to those who are persecuted.  *See id.*

As to the first component, Li submitted evidence of widespread mistreatment of Falun Gong practitioners in China, including reports of arrests, detentions, and torture.  As to the second component, Li testified that she practices Falun Gong in the United States, and would continue to do so if returned to China.  The agency credited Li's testimony as to her Falun Gong practice in the United States, but made no assessment as to the likelihood of her future practice in China.  *Cf. Yulan Liu v. Holder*, 461 F. App'x 70, 72 (2d Cir.

4

2012) (recognizing no credible fear of future persecution where asylum applicant "did not credibly establish that she would continue pro-democracy activities in China").

Nor did the agency discuss Li's country conditions evidence, or determine whether it manifested a pattern or practice of persecution against Falun Gong practitioners in China. Whether Li has shown such a pattern or practice of persecution, and whether she is similarly situated to persecuted practitioners of Falun Gong in China are factual questions for the agency to address in the first instance. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record," asylum applicant's fear of persecution is "speculative at best."); *cf. Weinong Lin v. Holder*, 763 F.3d 244, 250 (2d Cir. 2014) (recognizing claims of "newfound religious conscience" or "political awakening" after arrival in United States "can be easy to manufacture" (internal quotation marks omitted)). Thus, remand is warranted for the agency to address Li's country conditions evidence; to assess whether it shows a pattern or practice of persecution against Falun Gong practitioners; and, if it does, to determine whether Li, if returned to China, would be sufficiently similarly situated to such persecuted Falun Gong practitioners to have an objectively reasonable fear of persecution. *See generally Poradisova v. Gonzales*, 420 F.3d 70, 77, 81 (2d Cir. 2005) (holding that "we require a certain minimum level of analysis . . . if judicial review is to be meaningful" and that agency must "explicitly consider" material country conditions evidence).

Because the agency concluded that Li's failure to show a well-founded fear of persecution was dispositive of each of her claims for asylum, withholding of removal, and

5

CAT relief, we vacate the agency's decision as to all three claims.

For the foregoing reasons, the petition for review is GRANTED, the BIA's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
